# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re                                  : Chapter 15
                                       :
EarthRenew IP Holdings LLC, et al.[1]  : Case No.: 10-_____(___)
                                       :
                                       : Joint Administration Pending
Debtor in a Foreign Proceeding.        :
---------------------------------------------------------- x

## DECLARATION OF ROBERT J. TAYLOR IN SUPPORT OF CHAPTER 15 PETITIONS FOR RECOGNITION OF FOREIGN PROCEEDING PURSUANT TO SECTION 1515(b) OF THE BANKRUPTCY CODE

I, Robert J. Taylor, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1. I am a Vice-President of RSM Richter Inc., the court-appointed receiver and duly authorized foreign representative ("RSM" or the "Receiver") for the above-captioned debtors (collectively, the "Debtors") in Canadian receivership proceedings (the "Canadian Receivership Proceeding") commenced under the Bankruptcy and Insolvency Act (Canada), R.S.C. 1985, c. B-3, as amended, pending before the Court of Queen's Bench of Alberta in the Judicial District of Calgary (the "Canadian Court").

2. I respectfully submit this declaration in support of the verified petitions filed by the Receiver seeking recognition of the Canadian Receivership Proceeding by this Court

---

[1] The Debtors in the Chapter 15 Cases, along with the last four digits of their United States Tax Identification Number or Canadian Business Number, as applicable, are: EarthRenew IP Holdings LLC ("EarthRenew IP"); EarthRenew Corporation (0985); EarthRenew, Inc. (2163); EarthRenew Management General Partner Ltd. (2218); EarthRenew Management LP (5417); EarthRenew Operational Employee LP (2155); EarthRenew Solutions LP (6554); EarthRenew Strathmore 1 LP (3013); and EarthRenew Strathmore General Partner Ltd. (7013). The Debtors' corporate headquarters are located at, and the mailing address for the Debtors is, 1925 18th Avenue N.E., Suite 201, Calgary, Alberta, T2E 7T8, Canada. Only EarthRenew, Inc. maintains a United States Tax Identification Number. Canadian Business Numbers have been listed for the other Debtors, with the exception of EarthRenew IP, which is a United States entity disregarded for tax purposes and therefore does not maintain a United States Tax Identification Number.

as a foreign main proceeding under section 1515 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").

3. On September 15, 2010, the Canadian Court entered an order (the "Receivership Order") appointing RSM to act as receiver and manager of the Debtors' assets and the representative of the Debtors in a foreign proceeding.

4. Pursuant to the requirements of section 1515(b) of the Bankruptcy Code, attached hereto as Exhibit A is a true, complete and correct copy of the Receivership Order. As set forth in the Receivership Order, the Canadian Receivership Proceeding provides relief similar to and consistent with the relief provided by the Bankruptcy Code, including the imposition of a stay to protect the assets of the Debtors and authorization for RSM to take possession and control of the Debtors' assets and any and all proceeds, receipts and disbursements arising out of or from such assets, to manage, operate and carry on the business of the Debtors, including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part other business, or cease to perform any contracts of the Debtors, and to engage such professionals from time to time and on whatever basis to assist with the exercise of the powers and duties conferred by the Receivership Order.

5. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that, based upon my knowledge, information and belief as set forth herein, the foregoing is true and correct.

Dated: Wilmington, Delaware
October 20, 2010

_____
**Robert J. Taylor, on behalf of RSM Richter Inc.**, in its capacity as the court-appointed receiver and duly authorized foreign representative of the Debtors

YCST01:10227451.5                                                                                       069573.1002

# EXHIBIT A

# RECEIVERSHIP ORDER

Action No. 1001-13706

IN THE COURT OF QUEEN'S BENCH OF ALBERTA
JUDICIAL DISTRICT OF CALGARY

BETWEEN:

NILE CAPITAL I S.À.R.L., NILE CAPITAL II S. À.R.L.,
LUXOR CAPITAL PARTNERS, LP and LUXOR CAPITAL PARTNERS
OFFSHORE MASTER FUND, LP

Plaintiffs
(Applicants)

- and -

EARTHRENEW CORPORATION, EARTHRENEW, INC., EARTHRENEW IP HOLDINGS LLC, EARTHRENEW STRATHMORE 1 LP, EARTHRENEW STRATHMORE GENERAL PARTNER LTD., EARTHRENEW SOLUTIONS LP, EARTHRENEW OPERATIONAL EMPLOYEE LP, EARTHRENEW MANAGEMENT LP and EARTHRENEW MANAGEMENT GENERAL PARTNER LTD.

Defendants
(Respondents)

| | |
|---|---|
| BEFORE THE HONOURABLE<br>MR. JUSTICE G.C. HAWCO | ON THE 15th DAY OF<br>SEPTEMBER, 2010. |
| IN CHAMBERS, COURT CENTRE<br>CALGARY, ALBERTA | |

### RECEIVERSHIP ORDER

UPON the application of the Applicants in respect of the Respondents (the "**Debtors**"); AND UPON having read the Notice of Motion, the Affidavit of Michael Conboy dated September 15, 2010 and the exhibits attached thereto; AND UPON reading the consent of RSM Richter Inc. ("**Richter**") to act as receiver and manager of the Debtors ("**Receiver**"); AND UPON being advised that the Respondents do not oppose the Application; AND UPON hearing counsel for the Applicants; IT IS HEREBY ORDERED AND DECLARED THAT:

**SERVICE**

1. The time for service of the notice of application for this order is hereby abridged and service thereof is deemed good and sufficient.

**APPOINTMENT**

2. Pursuant to section 243 of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3 ("**BIA**"), and sections 13(2) of the *Judicature Act*, R.S.A. 2000, c.J-2, 99(a) of the *Business Corporations Act*, R.S.A. 2000, c.B-9, and 65(7) of the *Personal Property Security Act*, R.S.A. 2000, c.P-7, RSM Richter Inc. is hereby appointed Receiver, without security, of all of the Debtors' current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate, including all proceeds thereof (the "**Assets**").

**RECEIVER'S POWERS**

3. The Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Assets and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:

    (a) to take possession and control of the Assets and any and all proceeds, receipts and disbursements arising out of or from the Assets;

    (b) to receive, preserve, protect and maintain control of the Assets, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Assets to safeguard it, the engaging of independent security personnel, the taking of physical inventories and the placement of such insurance coverage as may be necessary or desirable;

    (c) to manage, operate and carry on the business of the Debtors, including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part other business, or cease to perform any contracts of the Debtors;

    (d) to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the powers and duties conferred by this Order;

    (e) to purchase or lease machinery, equipment, inventories, supplies, premises or other assets to continue the business of the Debtors or any part or parts thereof;

(f) to receive and collect all monies and accounts now owed or hereafter owing to the Debtors and to exercise all remedies of the Debtors in collecting such monies, including, without limitation, to enforce any security held by the Debtors;

(g) to settle, extend or compromise any indebtedness owing to or by the Debtors;

(h) to execute, assign, issue and endorse documents of whatever nature in respect of any of the Assets, whether in the Receiver's name or in the name and on behalf of the Debtors, for any purpose pursuant to this Order;

(i) to undertake environmental or workers' health and safety assessments of the Assets and operations of the Debtors;

(j) to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Debtors, the Assets or the Receiver, and to settle or compromise any such proceedings. The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding, and provided further that nothing in this Order shall authorize the Receiver to defend or settle the action in which this Order is made unless otherwise directed by this Court.

(k) to market any or all the Assets, including advertising and soliciting offers in respect of the Assets or any part or parts thereof and negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate.

(l) to sell, convey, transfer, lease or assign the Assets or any part or parts thereof out of the ordinary course of business,

    (i) without the approval of this Court in respect of any transaction not exceeding $500,000, provided that the aggregate consideration for all such transactions does not exceed $1,000,000, and

    (ii) with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause,

and in each such case notice under subsection 60(8) of the *Personal Property Security Act*, R.S.A. 2000, c. P-7 shall not be required.

(m) to apply for any vesting order or other orders necessary to convey the Assets or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Assets;

(n) to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate all matters relating to the Assets and the receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(o) to register a copy of this Order and any other Orders in respect of the Assets against title to any of the Assets;

(p) to apply for any permits, licences, approvals or permissions as may be required by any governmental authority and any renewals thereof for and on behalf of and, if thought desirable by the Receiver, in the name of the Debtors;

(q) to enter into agreements with any trustee in bankruptcy appointed in respect of the Debtors, including, without limiting the generality of the foregoing, the ability to enter into occupation agreements for any property owned or leased by the Debtors;

(r) to exercise any shareholder, partnership, joint venture or other rights which the Debtors may have; and

(s) to take any steps reasonably incidental to the exercise of these powers;

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtors, and without interference from any other Person.

## DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER

4. (i) The Debtors, (ii) all of their current and former directors, officers, employees, agents, accountants, legal counsel and shareholders, and all other persons acting on their instructions or behalf, and (iii) all other individuals, firms, corporations, governmental

bodies or agencies, or other entities having notice of this Order (all of the foregoing, collectively, being "**Persons**" and each being a "**Person**") shall forthwith advise the Receiver of the existence of any Assets in such Person's possession or control, shall grant immediate and continued access to the Assets to the Receiver, and shall deliver all such Assets (including Assets subject to liens the validity of which is dependent on maintaining possession, provided that the rights of the lienholder, if any, shall continue notwithstanding that it has surrendered possession of the subject asset(s)) to the Receiver upon the Receiver's request.

5. All Persons shall forthwith advise the Receiver of the existence of any books, documents, securities, contracts, orders, corporate and accounting records, and any other papers, records and information of any kind related to the business or affairs of the Debtors, and any computer programs, computer tapes, computer disks, or other data storage media containing any such information (the foregoing, collectively, the "**Records**") in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software and physical facilities relating thereto, provided however that nothing in this paragraph 5 or in paragraph 6 of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or documents prepared in contemplation of litigation or due to statutory provisions prohibiting such disclosure.

6. If any Records are stored or otherwise contained on a computer or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver. Further, for the purposes of this paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer or other system and providing the Receiver with any and all

access codes, account names and account numbers that may be required to gain access to the information.

## NO PROCEEDINGS AGAINST THE RECEIVER

7. No proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

## NO PROCEEDINGS AGAINST THE DEBTORS OR THE ASSETS

8. No Proceeding against or in respect of the Debtors or the Assets shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or the Assets are hereby stayed and suspended pending further Order of this Court, provided, however, that nothing in this Order shall prevent any Person from commencing a proceeding regarding a claim that might otherwise become barred by statute or an existing agreement if such proceeding is not commenced before the expiration of the stay provided by this paragraph 8.

## NO EXERCISE OF RIGHTS OF REMEDIES

9. All rights and remedies (including, without limitation, set-off rights) against the Debtors, the Receiver, or affecting the Assets, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however that nothing in this paragraph shall (i) empower the Receiver or the Debtors to carry on any business which the Debtors are not lawfully entitled to carry on, (ii) exempt the Receiver or the Debtors from compliance with statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

## NO INTERFERENCE WITH THE RECEIVER

10. No Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right (including in respect of insurance), contract, agreement, licence or permit in favour of or held by the Debtors, without written consent of the Receiver or leave of this Court. Nothing in this Order shall prohibit any party to an "eligible financial contract" (as defined in section 11.1(1) of the *Companies' Creditors*

*Arrangement Act*) with the Debtors from terminating such contract or exercising any rights of set-off, in accordance with its terms.

**CONTINUATION OF SERVICES**

11. All Persons having oral or written agreements with the Debtors or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtors are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver, and this Court directs that the Receiver shall be entitled to the continued use of the Debtors' current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Receiver in accordance with normal payment practices of the Debtors or such other practices as may be agreed upon by the supplier or service provider and the Receiver, or as may be ordered by this Court.

**RECEIVER TO HOLD FUNDS**

12. All funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation the sale of all or any of the Assets and the collection of any accounts receivable in whole or in part, whether in existence on the date of this Order or hereafter coming into existence, shall be deposited into one or more new accounts to be opened by the Receiver (the "**Post Receivership Accounts**") and the monies standing to the credit of such Post Receivership Accounts from time to time, net of any disbursements provided for herein, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further order of this Court.

**EMPLOYEES**

13. Subject to employees' rights to terminate their employment, all employees of the Debtors shall remain the employees of the Debtors until such time as the Receiver, on the Debtors' behalf, may terminate the employment of such employees. The Receiver shall not be liable for any employee-related liabilities, including wages, severance pay,

termination pay, vacation pay, and pension or benefit amounts, other than such amounts as the Receiver may specifically agree in writing to pay, or such amounts as may be determined in a Proceeding before a court or tribunal of competent jurisdiction.

14. Pursuant to clause 7(3)(c) of the *Personal Information Protection and Electronic Documents Act*, S.C. 2000, c. 5, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Assets and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Assets (each, a "**Sale**"). Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information. The purchaser of any Assets shall be entitled to continue to use the personal information provided to it, and related to the Assets purchased, in a manner which is in all material respects identical to the prior use of such information by the Debtors, and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

## LIMITATION ON ENVIRONMENTAL LIABILITIES

15. (a) Notwithstanding anything in any federal or provincial law, the Receiver is not personally liable in that position for any environmental condition that arose or environmental damage that occurred:

    (i) Before the Receiver's appointment; or

    (ii) after the Receiver's appointment unless it is established that the condition arose or the damage occurred as a result of the Receiver's gross negligence or wilful misconduct.

    (b) Nothing in sub-paragraph 1515 exempts a Receiver from any duty to report or make disclosure imposed by a law referred to in that sub-paragraph.

    (c) Notwithstanding anything in any federal or provincial law, but subject to sub-paragraph 1515 hereof, where an order is made which has the effect of requiring the Receiver to remedy any environmental condition or environmental damage affecting the Assets, the Receiver is not personally liable for failure to comply

with the order, and is not personally liable for any costs that are or would be incurred by any person in carrying out the terms of the order,

(i) if, within such time as is specified in the order, within 10 days after the order is made if no time is so specified, within 10 days after the appointment of the Receiver, if the order is in effect when the Receiver is appointed, or during the period of the stay referred to in clause (ii) below, the Receiver:

A. complies with the order, or

B. on notice to the person who issued the order, abandons, disposes of or otherwise releases any interest in any real Assets affected by the condition or damage;

(ii) during the period of a stay of the order granted, on application made within the time specified in the order referred to in clause (i) above, within 10 days after the order is made or within 10 days after the appointment of the Receiver, if the order is in effect when the Receiver is appointed, by,

A. the court or body having jurisdiction under the law pursuant to which the order was made to enable the Receiver to contest the order; or

B. the court having jurisdiction in bankruptcy for the purposes of assessing the economic viability of complying with the order; or

(iii) if the Receiver had, before the order was made, abandoned or renounced or been divested of any interest in any real property affected by the condition or damage.

Nothing in this Order shall derogate from the protection afforded to the Receiver by Section 14.06 of the BIA or any other applicable legislation.

**RECEIVER'S ACCOUNTS**

16. Any expenditure or liability which shall properly be made or incurred by the Receiver, including the fees of the Receiver and the fees and disbursements of its legal counsel,

incurred at the standard rates and charges of the Receiver and its counsel, shall be allowed to it in passing its accounts and shall form a first charge on the Assets in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person (the "**Receiver's Charge**").

17. The Receiver and its legal counsel shall pass their accounts from time to time.

18. Prior to the passing of its accounts, the Receiver shall be at liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its fees and disbursements, including its legal fees and disbursements, incurred at the normal rates and charges of the Receiver or its counsel, and such amounts shall constitute advances against its remuneration and disbursements when and as approved by this Court.

**FUNDING OF THE RECEIVERSHIP**

19. The Receiver be at liberty and it is hereby empowered to borrow by way of a revolving credit or otherwise, such monies from time to time as it may consider necessary or desirable, provided that the outstanding principal amount does not exceed $~~1,000,000~~ 500,000 [handwritten, initialled GH] (or such greater amount as this Court may by further Order authorize) at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose of funding the exercise of the powers and duties conferred upon the Receiver by this Order, including interim expenditures. The whole of the Assets shall be and is hereby charged by way of a fixed and specific charge (the "**Receiver's Borrowings Charge**") as security for the payment of the monies borrowed, together with interest and charges thereon, in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subordinate in priority to the Receiver's Charge.

20. Neither the Receiver's Borrowings Charge nor any other security granted by the Receiver in connection with its borrowings under this Order shall be enforced without leave of this Court.

21. The Receiver is at liberty and authorized to issue certificates substantially in the form annexed as **Schedule "A"** hereto (the "**Receiver's Certificates**") for any amount borrowed by it pursuant to this Order.

22. The monies from time to time borrowed by the Receiver pursuant to this Order or any further order of this Court and any and all Receiver's Certificates evidencing the same or any part thereof shall rank on a *pari passu* basis, unless otherwise agreed to by the holders of any prior issued Receiver's Certificates.

**ALLOCATION**

23. Any interested party may apply to this Court on notice to any other party likely to be affected, for an order allocating the Receiver's Charge and Receiver's Borrowings Charge amongst the various assets comprising the Assets.

**GENERAL**

24. The Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

25. Nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtors.

26. This Court hereby requests the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

27. The Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

28. The Applicants shall have their costs of this motion, up to and including entry and service of this Order, provided for by the terms of the Applicants' security or, if not so provided by the Applicants' security, then on a full indemnity basis to be paid by the Receiver from the Debtor's estate with such priority and at such time as this Court may determine.

29. Any interested party may apply to this Court to vary or amend this Order on not less than 7 days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

_____"G.C. Hawco"_____
J.C.C.Q.B.A.

APPROVED AS ORDER GRANTED

ENTERED this _15_ day of September, 2010.

_____  (COURT SEAL)
CLERK OF THE COURT

## SCHEDULE "A"

## RECEIVER CERTIFICATE

CERTIFICATE NO. _____

AMOUNT $ _____

THIS IS TO CERTIFY that RSM Richter Inc., the receiver and manager (the "**Receiver**") of all of the assets, undertakings and properties of EarthRenew Corporation, EarthRenew, Inc., EarthRenew IP Holdings LLC, EarthRenew Strathmore I LP, EarthRenew Strathmore General Partner Ltd., EarthRenew Solutions LP, EarthRenew Operational Employee LP, EarthRenew Management LP and EarthRenew Management General Partner Ltd (the "**EarthRenew Companies**") appointed by Order of the Court of Queen's Bench of Alberta and Court of Queen's Bench of Alberta in Bankruptcy and Insolvency (collectively, the "**Court**") dated the \_\_\_\_\_ day of September, 2010 (the "**Order**") made in action number _____, has received from the holder of this certificate (the "**Lender**") the principal sum of $_____, being part of the total principal sum of $500,000.00 which the Receiver is authorized to borrow under and pursuant to the Order.

1. The principal sum evidenced by this certificate is payable on demand by the Lender with interest thereon calculated and compounded monthly not in advance on the last day of each month after the date hereof at a notional rate per annum equal to the rate of _____ per cent above the prime commercial lending rate of Bank of _____ from time to time.

2. Such principal sum with interest thereon is, by the terms of the Order, together with the principal sums and interest thereon of all other certificates issued by the Receiver pursuant to the Order or to any further order of the Court, a charge upon the whole of the Assets (as defined in the Order), in priority to the security interests of any other person, but subject to the priority of the charges set out in the Order, and the right of the Receiver to indemnify itself out of such Assets in respect of its remuneration and expenses.

3. All sums payable in respect of principal and interest under this certificate are payable at the main office of the Lender at _____.

4. Until all liability in respect of this certificate has been terminated, no certificates creating charges ranking or purporting to rank in priority to this certificate shall be issued by the Receiver to any person other than the holder of this certificate without the prior written consent of the holder of this certificate.

5. The charge securing this certificate shall operate so as to permit the Receiver to deal with the Assets (as defined in the Order) as authorized by the Order and as authorized by any further or other order of the Court.

6. The Receiver does not undertake, and it is not under any personal liability, to pay any sum in respect of which it may issue certificates under the terms of the Order.

DATED the _____ day of _____, 2010.

        RSM RICHTER INC., solely in its capacity as Receiver of the EarthRenew Companies, and not in its personal capacity

Per: _____
Name:
Title:

Action No: 1001-13706

IN THE COURT OF QUEEN'S BENCH OF ALBERTA
JUDICIAL DISTRICT OF *

BETWEEN:

NILE CAPITAL I S.À.R.L., NILE CAPITAL II
S.À.R.L., LUXOR CAPITAL PARTNERS, LP and
LUXOR CAPITAL PARTNERS
OFFSHORE MASTER FUND, LP

Plaintiffs
(Applicants)

- and -

EARTHRENEW CORPORATION, EARTHRENEW,
INC., EARTHRENEW IP HOLDINGS LLC,
EARTHRENEW STRATHMORE 1 LP, EARTHRENEW
STRATHMORE GENERAL PARTNER LTD.,
EARTHRENEW SOLUTIONS LP, EARTHRENEW
OPERATIONAL EMPLOYEE LP, EARTHRENEW
MANAGEMENT LP and EARTHRENEW
MANAGEMENT GENERAL PARTNER LTD.

Defendants
(Respondents)

CLERK OF THE COURT

SEP 1 5 2010

CALGARY, ALBERTA

## RECEIVERSHIP ORDER

**Aird & Berlis LLP**
Brookfield Place, 181 Bay Street
Toronto, Ontario M5J 2T9

Steven L. Graff
Telephone: (416) 865-7726
Fax: (416) 863-1515

7148699.8