# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| EarthRenew IP Holdings LLC, | Case No.: 10-_____ (____) |
| Debtor in a Foreign Proceeding. | |
| In re | Chapter 15 |
| EarthRenew Corporation, | Case No.: 10-_____ (____) |
| Debtor in a Foreign Proceeding. | |
| In re | Chapter 15 |
| EarthRenew, Inc., | Case No.: 10-_____ (____) |
| Debtor in a Foreign Proceeding. | |
| In re | Chapter 15 |
| EarthRenew Management General Partner Ltd., | Case No.: 10-_____ (____) |
| Debtor in a Foreign Proceeding. | |
| In re | Chapter 15 |
| EarthRenew Management LP, | Case No.: 10-_____ (____) |
| Debtor in a Foreign Proceeding. | |

|                                              |   |                      |
|----------------------------------------------|---|----------------------|
| In re                                        | : | Chapter 15           |
| EarthRenew Operational Employee LP,          | : | Case No.: 10-_____ (___) |
| Debtor in a Foreign Proceeding.              | : |                      |
| In re                                        | : | Chapter 15           |
| EarthRenew Solutions LP,                     | : | Case No.: 10-_____ (___) |
| Debtor in a Foreign Proceeding.              | : |                      |
| In re                                        | : | Chapter 15           |
| EarthRenew Strathmore 1 LP,                  | : | Case No.: 10-_____ (___) |
| Debtor in a Foreign Proceeding.              | : |                      |
| In re                                        | : | Chapter 15           |
| EarthRenew Strathmore General Partner Ltd., | : | Case No.: 10-_____ (___) |
| Debtor in a Foreign Proceeding.              | : |                      |

**RECEIVER'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b) FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

RSM Richter Inc. ("RSM" or the "Receiver"), in its capacity as the court-appointed receiver and duly authorized foreign representative for the above-captioned debtors (collectively, the "Debtors")[1] in Canadian receivership proceedings (the "Canadian Receivership

---

[1] The Debtors in the Chapter 15 Cases, along with the last four digits of their United States Tax Identification Number or Canadian Business Number, as applicable, are: EarthRenew IP Holdings LLC ("EarthRenew IP");

Proceeding") commenced under the Bankruptcy and Insolvency Act (Canada), R.S.C. 1985, c. B-3, as amended, pending before the Court of Queen's Bench of Alberta in the Judicial District of Calgary (the "Canadian Court"), hereby moves (this "Motion") this Court for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 15 cases for procedural purposes only. In support of this Motion, the Debtors rely upon the *Declaration of Robert J. Taylor In Support of Petitioner's (I) Verified Petitions Under Chapter 15, (II) Motion for Joint Administration, (III) Motion for Provisional and Final Relief In Recognition of Foreign Main Proceedings, and (IV) Motion to Establish Certain Notice Procedures in Connection with Filing of Verified Petitions Under Chapter 15* (the "Taylor Declaration") and the *Memorandum of Law in Support of Petitioner's (I) Verified Petitions Under Chapter 15, (II) Motion for Joint Administration, (III) Motion for Provisional and Final Relief In Recognition of Foreign Main Proceedings and (IV) Motion to Establish Certain Notice Procedures in Connection with Filing of Verified Petitions Under Chapter 15* (the "Memorandum of Law") filed contemporaneously herewith and incorporated herein by reference. In further support of the relief requested herein, the Receiver respectfully represents as follows:

---

EarthRenew Corporation (0985); EarthRenew, Inc. (2163); EarthRenew Management General Partner Ltd. (2218); EarthRenew Management LP (5417); EarthRenew Operational Employee LP (2155); EarthRenew Solutions LP (6554); EarthRenew Strathmore 1 LP (3013); and EarthRenew Strathmore General Partner Ltd. (7013). The Debtors' corporate headquarters are located at, and the mailing address for the Debtors is, 1925 18th Avenue N.E., Suite 201, Calgary, Alberta, T2E 7T8, Canada. Only EarthRenew, Inc. maintains a United States Tax Identification Number. Canadian Business Numbers have been listed for the other Debtors, with the exception of EarthRenew IP, which is a United States entity disregarded for tax purposes and therefore does not maintain a United States Tax Identification Number.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

2. On the date of the filing of this Motion (the "Petition Date"), the Receiver commenced the Debtors' chapter 15 cases (collectively, the "Chapter 15 Cases") by filing petitions (collectively, the "Chapter 15 Petitions") for the Debtors pursuant to sections 1504 and 1515 of the Bankruptcy Code.

3. On September 15, 2010, the Canadian Court entered an order (the "Receivership Order") appointing RSM to act as receiver and manager of the Debtors' assets and the representative of the Debtors in a foreign proceeding.

4. Contemporaneously with the filing of this Motion, the Receiver filed the *Receiver's Motion for Provisional and Final Relief in Recognition of a Foreign Main Proceeding Pursuant to Sections 105(a), 1519, 1520 and 1521 of the Bankruptcy Code* (the "Recognition Motion"), requesting (i) entry of a provisional order (the "Provisional Relief Order"), on an interim basis, (a) enforcing the initial order of the Receivership Order, (b) staying any collection activity by creditors against the Debtors' assets in the United States, and (c) entrusting management of the Debtors' assets in the United States to the Receiver in a manner consistent with the Receivership Order, (ii) entry of a final order (the "Recognition Order") after notice and a hearing granting recognition of the Canadian Receivership Proceeding as a foreign

main proceeding under section 1517 of the Bankruptcy Code and enforcing the Receivership Order on a permanent basis in the United States and (iii) such other and further relief as this Court deems just and proper.

5. Additional information about the Debtors' business, the events leading up to the Petition Date, and the facts and circumstances surrounding the Debtors, the Canadian Receivership Proceeding and the Chapter 15 Cases can be found in the contemporaneously filed Taylor Declaration.

## RELIEF REQUESTED

6. By this Motion, the Receiver respectfully requests the entry of an order authorizing and directing the joint administration of the Chapter 15 Cases for procedural purposes only.

7. The Receiver also requests that the caption of the Chapter 15 Cases be modified to reflect the joint administration of such cases, substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | : Chapter 15 |
| EarthRenew IP Holdings LLC, et al.[1] | : Case No.: 10-_____ (___) |
| Debtor in a Foreign Proceeding. | : Jointly Administered |

---

[1] The Debtors in the Chapter 15 Cases, along with the last four digits of their United States Tax Identification Number or Canadian Business Number, as applicable, are: EarthRenew IP Holdings LLC ("EarthRenew IP"); EarthRenew Corporation (0985); EarthRenew, Inc. (2163); EarthRenew Management General Partner Ltd. (2218); EarthRenew Management LP (5417); EarthRenew Operational Employee LP (2155); EarthRenew Solutions LP (6554); EarthRenew Strathmore 1 LP (3013); and EarthRenew Strathmore General Partner Ltd. (7013). The Debtors' corporate headquarters are located at, and the mailing address for the Debtors is, 1925 18th Avenue N.E., Suite 201, Calgary, Alberta, T2E 7T8, Canada. Only EarthRenew, Inc. maintains a United States Tax Identification Number. Canadian Business Numbers have been listed for the other Debtors, with the exception of EarthRenew IP, which is a United States entity disregarded for tax purposes and therefore does not maintain a United States Tax Identification Number.

8. In addition, the Receiver requests the Court to authorize and direct that the following notation be entered on the docket for each of the Debtors' chapter 15 cases, except in the case of EarthRenew IP Holdings LLC, to reflect the joint administration of these cases:

> An order has been entered in this case directing the joint administration of the chapter 15 cases EarthRenew IP Holdings LLC, Case No. [__]; EarthRenew Corporation, Case No. [__]; EarthRenew, Inc., Case No. [__]; EarthRenew Management General Partner Ltd., Case No. [__]; EarthRenew Management LP, Case No. [__]; EarthRenew Operational Employee LP, Case No. [__]; EarthRenew Solutions LP, Case No. [__]; EarthRenew Strathmore 1 LP, Case No. [__]; and EarthRenew Strathmore General Partner Ltd., Case No. [__]. The docket in Case No. [__] should be consulted for all matters affecting this case.

9. Further, the Receiver requests the Court to authorize the Debtors to utilize a combined service list for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates and other parties-in-interest as applicable.

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. See Fed. R. Bankr. P. 1015(b).

11. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted.

12. The Taylor Declaration establishes that joint administration of the Chapter 15 Cases (i) is warranted because the Debtors' financial affairs and business operations are closely related, (ii) will ease the administrative burden of such cases on the Court and the various interested parties, and (iii) will protect creditors of different estates against potential conflicts of

interest.

13. The Receiver anticipates that the various notices, motions, hearings, orders and other pleadings in the Chapter 15 Cases will affect all of the Debtors. With nine (9) affiliated Debtors, each with its own chapter 15 case docket, the failure to jointly administer the Chapter 15 Cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily burden the Clerk of this Court (the "Clerk").

14. Joint administration will permit the Clerk to use a single docket for each of the Debtors' chapter 15 cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest in these Chapter 15 Cases by ensuring that such parties will be apprized of the various matters before the Court in all of the cases. The Receiver submits that use of the simplified caption, in the form set forth above, by all parties in interest will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 15 Cases inasmuch as the relief sought herein is purely procedural and not intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and supervision of the administrative aspects of these cases by the Office of the United States Trustee will be simplified.

## NOTICE

16. The Receiver requests that the Court grant this Motion without notice to

creditors. The Receiver proposes to notify all creditors of the filing of the Chapter 15 Petitions and the Receiver's request for entry of the Recognition Order in the form and manner set forth in the *Receiver's Motion for Entry of an Order Specifying Form and Manner of Service of Notice of (I) Filing of (A) Petitions Pursuant to Chapter 15 of the Bankruptcy Code, and (B) Receiver's Motion for Provisional and Final Relief In Recognition of a Foreign Main Proceeding Pursuant to Sections 105(a), 1519, 1520 and 1521 of the Bankruptcy Code, (II) Entry of Provisional Relief Order, (III) Deadline to Object to Entry of Recognition Order, and (IV) Hearing for Court to Consider Chapter 15 Petitions and Entry of Recognition Order*. In light of the nature of the relief requested herein, the Receiver submits that no other or further notice of this Motion is necessary or required.

## CONCLUSION

WHEREFORE, the Receiver respectfully requests the Court to enter an order, substantially in the form attached hereto as Exhibit A, authorizing the joint administration of the Chapter 15 Cases and granting such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
October 20, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Michael R. Nestor (No. 3256)
Donald J. Bowman, Jr. (No. 4383)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Attorneys for RSM Richter Inc., Receiver and Foreign Representative for the Debtors*