# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re                                                            : Chapter 15
                                                                 :
EarthRenew IP Holdings LLC, et al.[1]                            : Case No.: 10-_____ (____)
                                                                 :
                                                                 : Joint Administration Pending
Debtor in a Foreign Proceeding.                                  :
---------------------------------------------------------------- x

## RECEIVER'S MOTION FOR PROVISIONAL AND FINAL RELIEF IN RECOGNITION OF A FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 105(a), 1519, 1520 AND 1521 OF THE BANKRUPTCY CODE

RSM Richter Inc. ("RSM" or the "Receiver"), in its capacity as the court-appointed receiver and duly authorized foreign representative for the above-captioned debtors (collectively, the "Debtors") in Canadian receivership proceedings (the "Canadian Receivership Proceeding") commenced under the Bankruptcy and Insolvency Act (Canada), R.S.C. 1985, c. B-3, as amended, pending before the Court of Queen's Bench of Alberta in the Judicial District of Calgary (the "Canadian Court"), hereby moves (the "Motion") this Court, pursuant to sections 105(a), 1519, 1520 and 1521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for: (i) entry of a provisional order (the "Provisional Relief Order"), on an interim basis, (a) enforcing the Receivership Order (as defined below), (b) staying any collection activity by creditors against the Debtors' assets in the United States, and (c) entrusting

---

[1] The Debtors in the Chapter 15 Cases, along with the last four digits of their United States Tax Identification Number or Canadian Business Number, as applicable, are: EarthRenew IP Holdings LLC ("EarthRenew IP"); EarthRenew Corporation (0985); EarthRenew, Inc. (2163); EarthRenew Management General Partner Ltd. (2218); EarthRenew Management LP (5417); EarthRenew Operational Employee LP (2155); EarthRenew Solutions LP (6554); EarthRenew Strathmore 1 LP (3013); and EarthRenew Strathmore General Partner Ltd. (7013). The Debtors' corporate headquarters are located at, and the mailing address for the Debtors is, 1925 18th Avenue N.E., Suite 201, Calgary, Alberta, T2E 7T8, Canada. Only EarthRenew, Inc. maintains a United States Tax Identification Number. Canadian Business Numbers have been listed for the other Debtors, with the exception of EarthRenew IP, which is a United States entity disregarded for tax purposes and therefore does not maintain a United States Tax Identification Number.

management of the Debtors' assets in the United States to the Receiver in a manner consistent with the Receivership Order; (ii) entry of a final order (the "Recognition Order"), after notice and a hearing, (a) granting recognition of the Canadian Receivership Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code and (b) enforcing the Receivership Order (as defined below) on a permanent basis in the United States; and (iii) granting such other and further relief as this Court deems just and proper. In support of this Motion, the Debtors rely upon the *Declaration of Robert J. Taylor In Support of Petitioner's (I) Verified Petitions Under Chapter 15, (II) Motion for Joint Administration, (III) Motion for Provisional and Final Relief In Recognition of Foreign Main Proceedings, and (IV) Motion to Establish Certain Notice Procedures in Connection with Filing of Verified Petitions Under Chapter 15* (the "Taylor Declaration") and the *Memorandum of Law in Support of Petitioner's (I) Verified Petitions Under Chapter 15, (II) Motion for Joint Administration, (III) Motion for Provisional and Final Relief In Recognition of Foreign Main Proceedings and (IV) Motion to Establish Certain Notice Procedures in Connection with Filing of Verified Petitions Under Chapter 15* (the "Memorandum of Law") filed contemporaneously herewith and incorporated herein by reference. In further support of the relief requested herein, the Receiver respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are sections 105(a), 1519, 1520 and 1521 of the Bankruptcy Code.

## BACKGROUND

2. On the date of the filing of this Motion (the "Petition Date"), the Receiver commenced the Debtors' chapter 15 cases (collectively, the "Chapter 15 Cases") by filing petitions (collectively, the "Chapter 15 Petitions") for the Debtors pursuant to sections 1504 and 1515 of the Bankruptcy Code.

3. On September 15, 2010, the Canadian Court entered an order (the "Receivership Order") appointing RSM to act as receiver and manager of the Debtors' assets and the representative of the Debtors in a foreign proceeding.

4. Additional information about the Debtors' business, the events leading up to the Petition Date, and the facts and circumstances surrounding the Debtors, the Canadian Receivership Proceeding and the Chapter 15 Cases can be found in the contemporaneously filed Taylor Declaration.

## RELIEF REQUESTED

5. By this Motion, pursuant to sections 1519 and 1521 of the Bankruptcy Code, the Receiver seeks: (i) entry of the Provisional Relief Order, attached hereto as <u>Exhibit A</u>, on an interim basis, (a) enforcing the Receivership Order, (b) staying any and all collection activity or execution by creditors against the Debtors' assets in the United States, including, but not limited to, continuing any action or commencing any additional action involving the Debtors or their assets or the proceeds thereof, enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtors or their assets, commencing or continuing any action to create, perfect or enforce any lien, setoff or other claim against the Debtors or against any of their property and managing or exercising control over the Debtors' assets, and (c) entrusting management of the Debtors' assets in the United States to the

3
YCST01:10234860.3                                                                                                         069573.1001

Receiver in a manner consistent with the Receivership Order; (ii) entry of the Recognition Order, attached hereto as <u>Exhibit B</u>, after notice and a hearing, pursuant to sections 1517 and 1520 of the Bankruptcy Code, (a) granting recognition of the Canadian Receiver Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code and (b) enforcing the Receivership Order on a permanent basis in the United States; and (iii) granting such other and further relief as this Court deems just and proper.

## **BASIS FOR RELIEF**

6. The Receiver filed the Chapter 15 Petitions in an effort to seek recognition of the Canadian Receivership Proceeding as a "foreign main" proceeding under section 1517 of the Bankruptcy Code and to seek certain relief related thereto from this Court in connection with the Chapter 15 Cases. However, until the Court grants such relief, the Debtors' assets are vulnerable to collection and enforcement actions by creditors in the United States. Such actions threaten the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the Debtors," and the "protection and maximization of the value of the debtor's assets" contemplated by sections 1501(a)(3) and (a)(4) of the Bankruptcy Code. The Receiver's ultimate goal is to ensure an orderly administration of the Debtors' financial affairs under the auspices of the Canadian Receivership Proceeding, and with the aid of this Court through the Chapter 15 Cases. The Receiver believes that entry of the Provisional Relief Order, under section 1519 of the Bankruptcy Code, will best assure (and may be the only way to ensure) such a result.

7. Accordingly, the Receiver respectfully requests the Court to enter the Provisional Relief Order, granting provisional injunctive relief pursuant to section 1519 of the

4

Bankruptcy Code, until such time as the Court has the opportunity to consider the Chapter 15 Petitions and entry of the Recognition Order.

A.      **Provisional Relief Is Authorized Under Section 1519(a) of the Bankruptcy Code**

8. Section 1519(a) of the Bankruptcy Code provides that:

> From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including —
>
> (1) staying execution against the debtor's assets;
>
> (2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative . . . in order to protect and preserve the value of assets . . .; and
>
> (3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519(a).

9. Relief under section 1519 is governed by the standards applicable to injunctions. See 11 U.S.C. § 1519(e). The standard for granting a preliminary injunction balances the petitioner's likelihood of success against the relative hardship to the parties. To be successful, the moving party must demonstrate either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in moving party's favor. These alternatives represent "extremes of a single continuum," rather than two separate tests . . . Thus, the greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown. *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). Under this standard, the Receiver submits that it is entitled to provisional injunctive relief pursuant to section 1519 and entry of the Provisional Relief Order.

5

## B. The Receiver Is Likely to Succeed On the Merits of Its Petition for Recognition

10. Chapter 15 of the Bankruptcy Code applies where assistance is sought in the United States by a foreign representative in connection with a foreign proceeding. See 11 U.S.C. § 1501(b)(1). Two of the objectives of chapter 15 of the Bankruptcy Code are the "fair and efficient administration of cross-border insolvencies that protects the interest of all creditors, and other interested entities, including the debtor," and the "protection and maximization of the value of the debtor's assets." Id. at § 1501(a)(3) and (a)(4). These Chapter 15 cases have been commenced to obtain the assistance of this Court in the effective and economical administration of the Canadian Receivership Proceeding by, among other things, carrying out the terms of the Receivership Order.

11. Section 1517(a) governs the Receiver's request for entry of the Recognition Order. That section provides:

> Subject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if—
>
> (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign non-main proceeding within the meaning of section 1502;
>
> (2) the foreign representative applying for recognition is a person or body; and
>
> (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a)(emphasis added).

12. As the legislative history of chapter 15 of the Bankruptcy Code explains:

> The decision to grant recognition is not dependent upon any findings about the nature of the foreign proceeding of the sort previously mandated by section 304(c) of the Bankruptcy Code. The requirements of this section [1517], which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition.

H.R. Rep 109-31, pt. 1 (2005). The Receiver has met the requirements of section 1517(a) and is therefore "likely to succeed on the merits" of its request for entry of the Recognition Order.

      **(a)    The Canadian Receivership Proceeding is a "foreign proceeding."**

13.    Section 101(23) of the Bankruptcy Code defines a foreign proceeding as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. §101(23).

14.    That the Canadian Receivership Proceeding is a "foreign proceeding" in which the assets and affairs of the Debtors are subject to control or supervision by a foreign court cannot be subject to serious dispute. The Receivership Order provides for just that, as the Receiver has been granted control of the Debtors' assets, subject to supervision by the Canadian Court.

      **(b)    The Chapter 15 Cases were commenced by a "foreign representative."**

15.    Under section 101(24) of the Bankruptcy Code, a "foreign representative" is defined as

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24). Here, through the Receivership Order, the Receiver has been authorized to administer the Debtors' assets and to act as representative of the foreign proceeding. See Receivership Order at ¶¶ 26-27 (specifically authorizing the Receiver to act as foreign representative and to file these chapter 15 proceedings).

7
YCST01:10234860.3      069573.1001

### (c) The Chapter 15 Cases were properly commenced.

16. These Chapter 15 Cases were commenced as required by sections 1504 and 1509 of the Bankruptcy Code by the filing of the Chapter 15 Petitions under section 1515(a) of the Bankruptcy Code, accompanied by all documents and information required by sections 1515(b) and (c) thereof, including a certified copy of the Receivership Order, and a statement identifying all foreign proceedings with respect to the Debtors that are known to the Receiver. In addition, the Receiver included with the Chapter 15 Petitions a statement under Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") identifying all litigation known to be pending in the United States, and a list of all parties against whom provisional relief is sought (the Receiver included a list of all known creditors of the Debtors).

### (d) The Canadian Receivership Proceeding is a foreign main proceeding.

17. The Bankruptcy Code provides that a foreign proceeding for which chapter 15 recognition is sought must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the "center of its main interests." 11 U.S.C. § 1517(b)(1). Section 1516(c) of the Bankrutpcy Code provides that, in the absence of evidence to the contrary, the debtor's registered office is presumed to be the center of the debtor's main interest. "This presumption is not a preferred alternative where there is a separation between a corporation's jurisdiction of incorporation and its real seat." In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd., 374 B.R. 127, 127 (Bankr. S.D.N.Y. 2007) (hereinafter, "Bear Stearns"). The Bankruptcy Code is silent with respect to the types of evidence required to rebut the presumption that the "center of main interests" is the debtor's place of registration or incorporation. In Bear Stearns, however, Judge Lifland suggested that:

> [v]arious factors could be relevant to such a determination, including: the location of the debtor's headquarters; the location of those who actually

8
YCST01:10234860.3                                                                                                                                   069573.1001

manage the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes.

Id. at 128 (citing In re SphinX, Ltd., 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006), aff'd, 2007 WL 1965597 (S.D.N.Y. July 3, 2007)).

18. Chapter 15 of the Bankruptcy Code also directs courts to obtain guidance from the application of similar statutes by foreign jurisdictions:

> "[i]n interpreting this chapter, the court shall consider its international origin, and the need to promote an application of this chapter that is consistent with the application of similar statutes adopted by foreign jurisdictions."

11 U.S.C. § 1508; In re SpinX, Ltd., 351 B.R. at 118. In the regulation adopting the European Union Convention on Insolvency Proceedings (the "EU Convention"), the "center of main interests" concept is elaborated upon as "the place where the debtor conducts the administration of his interests on a regular basis and is therefore ascertainable by third parties." Council Reg. (EC) No. 1346/2000, ¶ 13; see also Case 341/04, Bondi v. Bank of America, N.A. (In re Eurofood IFSC Ltd.), 2006 E.C.R. I-3813, p. 18- 19, ¶32, 2006 WL 1142304 (E.C.J. May 2, 2006). This generally equates with the concept of a "principal place of business" analysis under United States law. See In re Tri-Continental Exchange Ltd., 349 B.R. 627, 633-34 (Bankr. E.D. Cal. 2006).

19. The Canadian Receivership Proceeding is a foreign proceeding pending in the country where the Debtors have their "center of main interest," as their "center of main interest" is clearly in Alberta, Canada. All of the Debtors' principal corporate, management, banking, and strategic functions are undertaken in Canada. Specifically:

a. EarthRenew, the Canadian parent, is the sole shareholder of the EarthRenew, Inc. and EarthRenew IP Holdings LLC (together, the "U.S. Subsidiaries").

b. The registered office and corporate headquarters for each of the Debtors is in Calgary, Alberta, Canada (the "Calgary Head Office").

c. EarthRenew is managed and operated on a consolidated basis from Canada and all strategic decision making and corporate management functions are taken in the Calgary Head Office.

d. The marketing, accounting, finance departments are in the Calgary Head Office.

e. All new business initiatives originate from the Calgary Head Office.

f. Overall budget and strategy set from the Calgary Head Office.

g. The information technology systems (including servers) are all in Canada.

h. The accounts receivables and account payables are managed from Canada, and all checks are issued from Canada.

i. All of the significant common suppliers, creditors and stakeholders of the Debtors are located in Canada.

j. Contracts are negotiated at the Calgary Head Office and all purchase orders are issued from Calgary including purchase orders for equipment ordered from manufacturers in the United States.

k. The majority of customer relationships were negotiated from the Calgary Head Office.

l. Funding and cash management are integrated and controlled from Canada and banking in the United States is funded by intercompany transfers from Canada.

m. All of the Debtors' manufacturing capability is located in Strathmore, Canada.

n. Of the Debtors' 40 employees (prior to the lay-offs), only 6 were based in the United States and the remainder are in Canada.

o. The Debtors' President and all other executives except one (who answers to the Canadian board of directors) are based in Canada.

10

p. The officers and directors of the U.S. Subsidiaries hold their positions by virtue of their positions in Canadian entities.

q. The principal books and records of each of the Debtors are located in the Calgary Head Office, as well as the accounting staff. All financial statements of the Debtors are prepared at the Calgary Head Office, including monthly and annual financial statements.

20. The Canadian and United States operations are integrated and function in a coordinated way, although the operations for the United States Subsidiaries are entirely dependent upon the Canadian operations and would be unable to operate or function independently.

## C. The Receiver Will Potentially Suffer Irreparable Injury If the Provisional Relief Order Is Not Entered

21. Unless the Provisional Relief Order is entered, the Debtors face the real possibility of immediate and irreparable harm from (i) individual creditors' collection and enforcement actions, and (ii) the fact that no one will effectively be in control of the Debtors' assets in the United States pending this Court's entry of the Recognition Order.

22. With respect to the potential for collection activity by creditors, a number of courts have recognized the need for provisional relief to prevent individual creditors from taking extrajudicial advantage of the recognition process. See In re Banco Nacional de Obras y Servicios Publicos, S.N.C., 91 B.R. 661, 664 (Bankr. S.D.N.Y. 1988) (injunctive relief is necessary "to prevent individual American creditors from arrogating to themselves property belonging to the creditors as a group"); In re Gercke, 122 B.R. 621, 626 (Bankr. D.C. 1991) (irreparable harm has been found where allowing litigation to go forward would (i) threaten the assets of a foreign estate, (ii) subject a foreign representative to a default judgment, and (iii) divert funds needed for the purpose of maximizing value for the estate's creditors); In re Lines, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988) ("the premature piecing out of property involved in a

foreign liquidation proceeding constitutes irreparable injury"); Victrix S.S. Co., S.A. v. Salen Dry Cargo, A.B., 825 F.2d 709, 713-14 (2d Cir. 1987) (harm to an estate exists where the orderly determination of claims and the fair distribution of assets are disrupted). Absent this Court's entry of the Provisional Relief Order, the Receiver may be forced to expend the limited resources of the Debtors' estates in defense of attachment and other similar collection actions by individual creditors. Thus, absent the relief requested, the Debtors and their creditors may suffer irreparable harm.

23. Similarly, the potential for real harm exists if the Receiver is not immediately allowed to assume control of and manage the Debtors' assets in the United States. Simply put, absent such relief, no one will effectively be in charge of any the Debtors' assets and operations in the United States and no one will be able to pay any necessary expenses of operation. Under any such circumstances, assets likely will disappear, and the overall value of the Debtors' assets in the United States will be unnecessarily impaired. Placing the Receiver in control of the United States assets will enable the Receiver to minimize the losses to the Debtors, their estates and creditors.

D. **Provisional Relief Is Warranted Under the Balance of Hardships Test**

24. The Receiver's demonstrated likelihood of success and the potential for irrevocable injury provide a sufficient basis for the Court to enter the Provisional Relief Order. However, entry of the Provisional Relief Order is also justified under the balance of hardships test. In light of the pendency and nature of the Canadian Receivership Proceeding, it is indisputable that the Receiver's filing of the Chapter 15 Petitions and request for entry of the Recognition Order raise important issues with respect to the efficient and economical administration of the Debtors' assets. Furthermore, the filing of these Chapter 15 Cases is

12
YCST01:10234860.3                                                                                              069573.1001

intended to ensure an orderly administration of the Debtors' financial affairs, under the auspices of the Canadian Receivership Proceeding and applicable Canadian law, in a manner that protects the interests of all creditors. Therefore, the Receiver believes that it is highly likely that the Recognition Order will be entered.

25. Entry of the Provisional Relief Order is necessary to protect the Debtors' assets and claims and to preserve the orderly administration of the Debtors' United States assets. If individual creditors are free to initiate piecemeal collection and enforcement actions, the Receiver's efforts to ensure such an orderly administration will be jeopardized. Likewise, any operations maintained by the Debtors in the United States could suffer significant deterioration if no one is in charge and no one can expend the funds necessary to maintain such operations. Centralizing administration of the Debtors' affairs by granting provisional relief will help harmonize the creditors' interests and ensure that they are treated equally. See Fidelity Mortg. Investors v. Camelia Builders, Inc., 550 F.2d 47, 55 (2d Cir. 1976), cert. denied, 429 U.S. 1093, reh'g denied, 430 U.S. 976 (1977).

26. At the same time, entry of the Provisional Relief Order will impose little, if any, hardship on anyone. Individual creditors' rights to initiate piecemeal collection and enforcement actions should be afforded minimal weight in light of the Canadian Receivership Proceeding, the filing of the Chapter 15 Petitions, and the Receiver's request for entry of the Recognition Order. The hearing on the Recognition Order will likely be held in approximately 21 days, so the requested provisional relief will only be in place for a limited time and will have little impact on creditors as a whole if for some reason the Court determines not to recognize the Canadian Receivership Proceeding.

27. Moreover, upon entry of the Recognition Order, section 1520 of the Bankruptcy Code automatically implements sections 362 (the automatic stay) and 363 (use of estate property) of the Bankruptcy Code. Section 1521(a)(5) authorizes the Court to "entrust the administration or realization" of the Debtors' United States assets to the Receiver, along with other relief. Thus, in the event the Recognition Order is entered, the Receiver will be entitled to much of the relief provided for by the Provisional Relief Order.

28. Finally, numerous bankruptcy courts in this District have granted relief similar to the relief requested in this Motion. See, e.g., In re Grant Forest Products, Case No. 10-11132 (PJW) (Bankr. D. Del. April 19, 2010); In re Nortel Networks Corporation, Case No. 09-10164 (KG) (Bankr. D. Del. Jan. 14, 2009); In re MAAX Corp. et al., Case No. 08-11443 (CSS) (Bankr. D. Del. July 14, 2008); In re Destinator Technologies Inc., Case No. 08-11003 (CSS) Bankr. D. Del. June 6, 2008).

## NOTICE

29. The Receiver proposes to notify all creditors of the filing of the Chapter 15 Petitions and the Receiver's request for entry of the Recognition Order in the form and manner set forth in the *Receiver's Motion for Entry of an Order Specifying Form and Manner of Service of Notice of (I) Filing of (A) Petitions Pursuant to Chapter 15 of the Bankruptcy Code, and (B) Receiver's Motion for Provisional and Final Relief In Recognition of a Foreign Main Proceeding Pursuant to Sections 105(a), 1519, 1520 and 1521 of the Bankruptcy Code, (II) Entry of Provisional Relief Order, (III) Deadline to Object to Entry of Recognition Order, and (IV) Hearing for Court to Consider Chapter 15 Petitions and Entry of Recognition Order.* In light of the nature of the relief requested herein, the Receiver submits that no other or further notice of this Motion is necessary or required.

# CONCLUSION

WHEREFORE, the Receiver respectfully request this Court to (i) enter the Provisional Relief Order, substantially in the form attached hereto as <u>Exhibit A</u>, (ii) enter the Recognition Order, after notice and a hearing, substantially in the form attached hereto as <u>Exhibit B</u>, and (iii) grant any such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
October 20, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Michael R. Nestor (No. 3256)
Donald J. Bowman, Jr. (No. 4383)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Attorneys for RSM Richter Inc., Receiver and Foreign Representative for the Debtors*