IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re                                        : Chapter 15
                                             :
EarthRenew IP Holdings LLC, et al.[1]        : Case No.: 10-_____(___)
                                             :
                                             : Joint Administration Pending
Debtor in a Foreign Proceeding.              :
------------------------------------------------------------------- x

RECEIVER'S MOTION FOR ENTRY OF AN ORDER
SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE
OF (I) FILING OF (A) PETITIONS PURSUANT TO CHAPTER 15 OF
THE BANKRUPTCY CODE AND (B) RECEIVER'S MOTION FOR PROVISIONAL
AND FINAL RELIEF IN RECOGNITION OF A FOREIGN MAIN PROCEEDING
PURSUANT TO SECTIONS 105(a), 1519, 1520 AND 1521 OF THE BANKRUPTCY
CODE; (II) ENTRY OF PROVISIONAL RELIEF ORDER; (III) DEADLINE
TO OBJECT TO ENTRY OF RECOGNITION ORDER; AND (IV) HEARING
FOR COURT TO CONSIDER CHAPTER 15 PETITIONS AND
<u>ENTRY OF RECOGNITION ORDER</u>

RSM Richter Inc. ("<u>RSM</u>" or the "<u>Receiver</u>"), in its capacity as the court-appointed receiver and duly authorized foreign representative for the above-captioned debtors (collectively, the "<u>Debtors</u>") in Canadian receivership proceedings (the "<u>Canadian Receivership Proceeding</u>") commenced under the Bankruptcy and Insolvency Act (Canada), R.S.C. 1985, c. B-3, as amended, pending before the Court of Queen's Bench of Alberta in the Judicial District of Calgary (the "<u>Canadian Court</u>"), hereby moves (this "<u>Motion</u>") this Court for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>.

---

[1] The Debtors in the Chapter 15 Cases, along with the last four digits of their United States Tax Identification Number or Canadian Business Number, as applicable, are: EarthRenew IP Holdings LLC ("<u>EarthRenew IP</u>"); EarthRenew Corporation (0985); EarthRenew, Inc. (2163); EarthRenew Management General Partner Ltd. (2218); EarthRenew Management LP (5417); EarthRenew Operational Employee LP (2155); EarthRenew Solutions LP (6554); EarthRenew Strathmore 1 LP (3013); and EarthRenew Strathmore General Partner Ltd. (7013). The Debtors' corporate headquarters are located at, and the mailing address for the Debtors is, 1925 18th Avenue N.E., Suite 201, Calgary, Alberta, T2E 7T8, Canada. Only EarthRenew, Inc. maintains a United States Tax Identification Number. Canadian Business Numbers have been listed for the other Debtors, with the exception of EarthRenew IP, which is a United States entity disregarded for tax purposes and therefore does not maintain a United States Tax Identification Number.

("Bankruptcy Code"), and Rules 2002, 9006, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), specifying the form and manner of service of the notice of: (i) the filing of (a) the Debtors' chapter 15 petitions (collectively, the "Chapter 15 Petitions") and (b) certain related pleadings pursuant to chapter 15 of the Bankruptcy Code, including the *Receiver's Motion for Provisional and Final Relief In Recognition of a Foreign Main Proceeding Pursuant to Sections 105(a), 1519, 1520 and 1521 of the Bankruptcy Code* (the "Recognition Motion"); (ii) this Court's entry of the Provisional Relief Order (as defined below); (iii) the deadline to object to this Court's entry of the Recognition Order (as defined below); and (iv) the hearing for this Court to consider the Chapter 15 Petitions and entry of the Recognition Order. In support of this Motion, the Debtors rely upon the *Declaration of Robert J. Taylor In Support of Petitioner's (I) Verified Petitions Under Chapter 15, (II) Motion for Joint Administration, (III) Motion for Provisional and Final Relief In Recognition of Foreign Main Proceedings, and (IV) Motion to Establish Certain Notice Procedures in Connection with Filing of Verified Petitions Under Chapter 15* (the "Taylor Declaration") and the *Memorandum of Law in Support of Petitioner's (I) Verified Petitions Under Chapter 15, (II) Motion for Joint Administration, (III) Motion for Provisional and Final Relief In Recognition of Foreign Main Proceedings and (IV) Motion to Establish Certain Notice Procedures in Connection with Filing of Verified Petitions Under Chapter 15* (the "Memorandum of Law") filed contemporaneously herewith and incorporated herein by reference. In further support of the relief requested herein, the Receiver respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper

in this Court and this District pursuant to 28 U.S.C. § 1410. The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code, along with Bankruptcy Rules 2002, 9006, 9007 and 9008.

## BACKGROUND

2. On the date of the filing of this Motion (the "Petition Date"), the Receiver commenced the Debtors' chapter 15 cases (collectively, the "Chapter 15 Cases") by filing petitions for the Debtors pursuant to sections 1504 and 1515 of the Bankruptcy Code.

3. On September 15, 2010, the Canadian Court entered an order (the "Receivership Order") appointing RSM to act as receiver and manager of the Debtors' assets and the representative of the Debtors in a foreign proceeding.

4. Contemporaneously with the filing of this Motion, the Receiver filed the Recognition Motion, requesting (i) entry of a provisional order (the "Provisional Relief Order"), on an interim basis, (a) enforcing the Receivership Order, (b) staying any collection activity by creditors against the Debtors' assets in the United States, and (c) entrusting management of the Debtors' assets in the United States to the Receiver in a manner consistent with the Receivership Order, (ii) entry of a final order (the "Recognition Order") after notice and a hearing granting recognition of the Canadian Receivership Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code and enforcing the Receivership Order on a permanent basis in the United States and (iii) such other and further relief as this Court deems just and proper.

5. Additional information about the Debtors' business, the events leading up to the Petition Date, and the facts and circumstances surrounding the Debtors, the Canadian Receivership Proceeding and the Chapter 15 Cases can be found in the contemporaneously filed Taylor Declaration.

3

## RELIEF REQUESTED

6. By this Motion, the Receiver respectfully requests the Court to enter an order, substantially in the form attached hereto as Exhibit A (the "Proposed Notice Order"): (i) approving the notice, substantially in the form attached as Exhibit 1 to the Proposed Notice Order (the "Recognition Notice"), of (a) the filing of the Chapter 15 Petitions and certain related pleadings pursuant to chapter 15 of the Bankruptcy Code, including the Recognition Motion, (b) this Court's entry of the Provisional Relief Order, (c) the deadline (the "Recognition Objection Deadline") to object to this Court's entry of the Recognition Order, and (d) the hearing (the "Recognition Hearing") for this Court to consider the Chapter 15 Petitions and entry of the Recognition Order; (ii) approving the manner of service of the Recognition Notice on any party that files a notice of appearance in the Chapter 15 Cases; (iii) approving the manner of service on the Master Service List of any pleadings that the Receiver files in the Chapter 15 Cases; and (iv) granting certain related relief.

### A. Recognition Notice

7. Pursuant to Bankruptcy Rule 2002(q), the Receiver proposes to serve the Recognition Notice, together with the Provisional Relief Order and the proposed Recognition Order, by United States or Canadian mail, first class postage prepaid, within three (3) business days entry of the Proposed Notice Order, on: (i) all persons or bodies authorized to administer foreign proceedings of the Debtors; (ii) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code in the Recognition Motion, including, but not limited to, all known creditors; (iii) all parties to litigation pending in the United States in which the Debtors are a party at the time of the filing of the Chapter 15 Petitions; (iv) the Office of the United States Trustee for the District of Delaware; (v) the Debtors; (vi) the Internal Revenue

Service; (vii) the Securities and Exchange Commission; and (viii) all other parties (the "Other Interested Parties") which have requested notice in these Chapter 15 Cases (collectively, the "Notice Parties").

9. 8. The Recognition Notice will: (i) notify the Notice Parties of the filing of the Chapter 15 Petitions and certain related pleadings pursuant to chapter 15 of the Bankruptcy Code, including the Recognition Motion; (ii) include a copy of the Provisional Relief Order and the proposed Recognition Order; (iii) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing; (iv) provide a telephone number, website address, and email address by which interested parties may obtain various pleadings filed in the Chapter 15 Cases.

B. **Notice of Appearance**

9. In the event any Other Interested Party subsequently files a notice of appearance in the Chapter 15 Cases, the Receiver will serve the Recognition Notice, together with the Provisional Relief Order and the proposed Recognition Order, on such party within three (3) business days of the filing of such notice of appearance to the extent the Receiver has not already served such documents on the party.

C. **Master Service List**

10. The Receiver proposes to serve all pleadings that it files in the Chapter 15 Cases by United States or Canadian mail, first class postage prepaid, on: (i) counsel for any known secured creditors of the Debtors; (ii) principal parties that have appeared in the Canadian Receivership Proceeding; (iii) the Debtors; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) any Other Interested Parties (collectively, the "Master Service List").

## BASIS FOR RELIEF REQUESTED

11. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 9006, 9007 and 9008, the Receiver respectfully requests this Court to enter the Proposed Notice Order: (i) approving the form and manner of service upon the Notice Parties of (a) the filing of the Chapter 15 Petitions and certain related pleadings pursuant to chapter 15 of the Bankruptcy Code, including the Recognition Motion, (b) this Court's entry of the Provisional Relief Order, (c) the Recognition Objection Deadline, and (d) the Recognition Hearing; and (ii) approving the manner of service on the Master Service List of any pleadings that the Receiver files in the Chapter 15 Cases.

12. Bankruptcy Rule 2002(q) provides, in pertinent part, that:

> The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding. The notice shall state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding.

Fed. R. Bankr. Proc. 2002(q)(1).

13. Bankruptcy Rule 2002(m), in turn, provides that "the court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by [the Bankruptcy Rules]. Id. at 2002(m).

14. Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has twenty-one (21) days from the date of service of the summons to respond thereto. Id.

YCST01:10229042.4　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　069573.1002

at 1011(b). Because the summons requirement of Bankruptcy Rule 1010 does not apply to petitions for recognition of foreign main proceedings, the Receiver believes that the reference to "summons" in Bankruptcy Rule 1011(b) is inapplicable. See 9 Collier On Bankruptcy, ¶ 1010[6] (Alan N. Resnick, et al. (15th ed. rev. 2006) and 2005 Advisory Committee Note to Fed. R. Bankr. P. 1010. Accordingly, the Receiver requests the Court to declare that no summons is required under Bankruptcy Rule 1011(b).

15. The Debtors have hundreds of creditors, potential creditors, and other parties in interest, all of which need to be provided with notice of the Provisional Relief Order, the proposed Recognition Order, the Recognition Objection Deadline and the Recognition Hearing. Under the facts and circumstances of the Debtors' Chapter 15 Cases, the Receiver submits that service of the Recognition Notice in the manner proposed herein will provide the Notice Parties due and sufficient notice and service of such matters and any associated objection deadlines and hearing dates.

16. Furthermore, the Recognition Notice provides multiple efficient ways for any party receiving such notice to obtain copies of pleadings filed in these Chapter 15 Cases, as it provides a telephone number, website address, and email address that can be used to obtain critical documents – including the Recognition Motion, the Provisional Relief Order and the proposed Recognition Order – in the Chapter 15 Cases. Additionally, service by the Receiver of all pleadings that it files in the Chapter 15 Cases by United States or Canadian mail, first class postage prepaid, on the Master Service List is an efficient and effective way to provide notice to such parties. At the same time, it does not burden the Receiver or the Debtors and their estates with the significant costs necessarily associated with copying and mailing the various documents filed in these cases to hundreds of creditors and other parties in interest.

17. Accordingly, the Receiver requests the Court to declare that its service to the Notice Parties of the Recognition Notice, together with the Provisional Relief Order and the proposed Recognition Order, as proposed herein is due and sufficient notice and service on all interested parties of the filing of the Chapter 15 Petitions, the Recognition Motion, this Court's entry of the Provisional Relief Order, and the proposed Recognition Order.

18. Finally, section 1514(c) of the Bankruptcy Code states that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim." 11 U.S.C. § 1514(c). It is not clear to the Receiver that section 1514 of the Bankruptcy Code has any application in the context of an ancillary case under chapter 15 of the Bankruptcy Code. Indeed, as explained in Collier, section 1514 of the Bankruptcy Code is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15." 8 Collier On Bankruptcy, ¶ 1514.01 (Alan N. Resnick, et al., 15th ed. rev. 2006). Therefore, out of an abundance of caution, the Receiver respectfully requests that, to the extent applicable, the notice requirements of section 1514(c) of the Bankruptcy Code be waived in the Chapter 15 Cases.

## NOTICE

19. The Receiver requests this Court to enter the Proposed Notice Order without notice to creditors. Upon entry of the Proposed Notice Order, the Receiver will serve the Recognition Notice in the manner approved in the Proposed Notice Order. In light of the nature of the relief requested herein, the Receiver submits that no other or further notice of this Motion is necessary or required.

## CONCLUSION

WHEREFORE, the Receiver respectfully requests this Court to enter an order, in substantially the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
October 20, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Michael R. Nestor (No. 3256)
Donald J. Bowman, Jr. (No. 4383)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Attorneys for RSM Richter Inc., Receiver and Foreign Representative for the Debtors*