# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re                                                         : Chapter 15
                                                              :
EarthRenew IP Holdings LLC, et al.[1]                         : Case No.: 10-13363(CSS)
                                                              :
                                                              : Jointly Administered
Debtor in a Foreign Proceeding.                               :
------------------------------------------------------------- x Ref. Docket Nos. 6 and __17__

## ORDER GRANTING PROVISIONAL RELIEF PURSUANT
## TO SECTIONS 105(a), 1519, 1520 AND 1521 OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion")[2] of RSM Richter Inc. ("RSM" or the "Receiver"), in its capacity as the court-appointed receiver and duly authorized foreign representative for the above-captioned debtors (collectively, the "Debtors") in Canadian Receivership Proceeding proceedings (the "Canadian Receivership Proceeding") commenced under the Bankruptcy and Insolvency Act (Canada), R.S.C. 1985, c. B-3, as amended, pending before the Court of Queen's Bench of Alberta in the Judicial District of Calgary (the "Canadian Court"), seeking (i) entry of this provisional order (this "Provisional Relief Order"), on an interim basis, (a) enforcing the Receivership Order, (b) staying any collection activity by creditors against the Debtors' assets in the United States, and (c) entrusting management of the Debtors' assets in the United States to the Receiver in a manner consistent with the Receivership

---

[1] The Debtors in the Chapter 15 Cases, along with the last four digits of their United States Tax Identification Number or Canadian Business Number, as applicable, are: EarthRenew IP Holdings LLC ("EarthRenew IP"); EarthRenew Corporation (0985); EarthRenew, Inc. (2163); EarthRenew Management General Partner Ltd. (2218); EarthRenew Management LP (5417); EarthRenew Operational Employee LP (2155); EarthRenew Solutions LP (6554); EarthRenew Strathmore 1 LP (3013); and EarthRenew Strathmore General Partner Ltd. (7013). The Debtors' corporate headquarters are located at, and the mailing address for the Debtors is, 1925 18th Avenue N.E., Suite 201, Calgary, Alberta, T2E 7T8, Canada. Only EarthRenew, Inc. maintains a United States Tax Identification Number. Canadian Business Numbers have been listed for the other Debtors, with the exception of EarthRenew IP, which is a United States entity disregarded for tax purposes and therefore does not maintain a United States Tax Identification Number.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Order; (ii) entry of a final order (the "Recognition Order"), after notice and a hearing, (a) granting recognition of the Canadian Receivership Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code and (b) enforcing the Receivership Order on a permanent basis in the United States; and (iii) such other and further relief as this Court deems just and proper; and upon the Taylor Declaration and the Memorandum of Law; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 15 Cases and the Motion in this District is proper pursuant to 28 U.S.C. § 1410; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given under the circumstances; and upon the record of the hearing on the Motion; and the Court having found and determined that the relief sought in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

(i) There is a substantial likelihood that the Receiver will be able to demonstrate that the Debtors are subject to a foreign main proceeding;

(ii) The commencement or continuation of any action or proceeding in the United States against the Debtors or any of the Debtors' assets or proceeds thereof should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Debtors' estate in the Canadian Receivership Proceeding, and the relief requested either will not cause an undue hardship or any hardship to parties in interest is outweighed by the benefits of the relief requested in the Motion;

(iii) Unless a preliminary injunction is issued in these Chapter 15 Cases, there is a material risk that the Debtors' assets could be subject to efforts by creditors or other parties in interest in the United States to control or possess such assets. Such acts could: (a) interfere with and cause harm to the jurisdictional mandate of this Court under chapter 15 of the

Bankruptcy Code; (b) interfere with and cause harm to the Debtors' efforts to administer their estates pursuant to the Canadian Receivership Proceeding; and (b) undermine the Receiver's efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury for which they will have no adequate remedy at law and therefore it is necessary that the Court enter this Provisional Relief Order; and

(iv) The interest of the public will be served by this Court's entry of this Provisional Relief Order.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted.

2. The Receivership Order is hereby given full force and effect in the United States.

3. Beginning on the date of this Provisional Relief Order and continuing until the date of the entry of an order of recognition of the Canadian Receivership Proceeding as a foreign main proceeding (the "<u>Recognition Date</u>"), all persons and entities are:

    (a) enjoined from commencing or continuing any legal proceeding against the Debtors or against their United States assets, including, but not limited to, (i) continuing any action or commencing any additional action involving the Debtors or their assets or the proceeds thereof, (ii) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtors or their assets, (iii) commencing or continuing any action to create, perfect or enforce any lien, setoff or other claim against the Debtors or against any of their property, and (iv) managing or exercising control over the Debtors' assets; and

    (b) required, if such persons or entities are a plaintiff in an action in which the Debtors are or were named as a party, or as a result of which liability against the Debtors may be established, to place counsel for the Receiver, as identified in the Motion and in this Provisional Relief Order, on the master service list of any such action or proceeding and take such other and further steps as may be necessary to ensure that such counsel receives, at the physical address set forth in the Motion and in this Provisional Relief Order, copies of (i) any and all documents served by the parties to such

action or proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or proceeding, and (ii) any and all correspondence or other documents circulated to parties listed on the master service list.

4. Until the Recognition Date, the management of the Debtors' assets is hereby entrusted to the Receiver consistent with the Receivership Order. Until further order of this Court, the Receiver is hereby established as the exclusive representative of the Debtors and their estates in the United States with the exclusive authority to administer the Debtors' assets and affairs in the United States.

5. No person or entity shall discontinue, fail to honor, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, license or permit in favor of or held by the Debtors, except with the written consent of the Receiver or leave of the Canadian Court.

6. Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding

7. The Receiver, in connection with its appointment as the foreign representative, is entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code, including, without limitation:

    (a) The right and power to administer and/or realize all or part of the Debtors' assets located in the United States in order to protect and preserve the value of such assets;

    (b) The right and power to transfer, encumber, or otherwise dispose of any assets of the Debtors are prohibited, except by the Receiver and the Debtors as provided in this Provisional Relief Order; and

    (c) The right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

nature and extent of the respondent's interests in the Debtors' cases and (ii) be filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and served upon counsel for the Receiver, Young Conaway Stargatt & Taylor, LLP, Attn: Michael R. Nestor, Esq., 1000 West Street, 17th Floor, The Brandywine Building, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on November 5, 2010.

12. A hearing to consider entry of the Recognition Order shall be held on November 12, 2010 at 9:00 a.m. (prevailing Eastern Time).

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Provisional Relief Order shall be effective immediately and enforceable upon its entry; (ii) the Receiver is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Provisional Relief Order; and (iii) the Receiver is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Provisional Relief Order.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Provisional Relief Order.

Dated: Wilmington, Delaware
October 22, 2010

Christopher S. Sontchi
United States Bankruptcy Judge